UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMMY HOLCOMBE,

    Plaintiff,

v.                             CASE NO. 8:24-cv-02492-SDM-TGW

CHILDREN'S NETWORK OF
HILLSBOROUGH, LLC,

    Defendant.
_____/

**ORDER**

Tammy Holcombe sues Children's Network of Hillsborough, LLC, and asserts a claim for interference and retaliation under the Family and Medical Leave Act. CNH moves (Doc. 26) for summary judgment. Holcombe responds (Doc. 32), and CNH replies (Doc. 35).

**BACKGROUND**

Holcombe worked for CNH as a director of support services in Tampa, Florida. On September 4, 2024, Holcombe attended a work event with her direct supervisor, Holly Way. At the work event, Child Welfare Services called Holcombe and informed her that because Holcombe's daughter-in-law and newborn granddaughter tested positive for cocaine, Child Welfare Services would take custody of Holcombe's grandchildren unless an approved adult provides temporary supervision. Holcombe immediately informed Way, who permitted Holcombe to travel to North

Carolina. In North Carolina, Holcombe agreed with Child Welfare Services to serve as a "temporary safety provider." On September 10, 2024, Holcombe called Way and asked for permission to work remotely. Way denied the request. On Friday, September 13, 2024, Holcombe e-mailed CNH's director of human resources, Karen Battle, and asked whether service as a "temporary safety provider" qualifies for FMLA leave. Holcombe attached to the e-mail a copy of an "initial provider assessment" prepared by Child Welfare Services. Battle responded and instructed Holcombe to complete and return an FMLA application as soon as possible. Battle attached to the response an incomplete FMLA application. The same day, Battle informed Holcombe by phone (1) that Holcombe did not qualify for FMLA leave because Holcombe's grandchildren were not being placed into foster care or into Holcombe's custody and (2) that Holcombe needed to return to work in person. On Monday, September 16, 2024, Holcombe delivered to CNH a letter stating, "I do not intend to resign from my position and unfortunately I cannot leave from my family emergency at this time. I will leave it up to the company to decide how they would like to proceed." The same day, CNH informed Holcombe by e-mail that CNH would "proceed with separation of employment." Holcombe never completed the FMLA application.

## STANDARD

Summary judgment is available if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is *no genuine issue as to any material fact* and that the moving party is entitled to

judgment as a matter of law." Rule 56(c), Federal Rules Civil Procedure. A fact is material if it "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the non-moving party." A moving party is entitled to summary judgment when the non-moving party "fail[s] to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

## DISCUSSION

### I. FMLA Interference

To state a claim for FMLA interference a plaintiff must show (1) entitlement to a benefit under the FMLA and (2) denial of that benefit. *White v. Beltram Edge Tool Supply, Inc.*, 789 F.3d 1188, 1191 (11th Cir. 2015). To establish entitlement to a benefit under the FMLA, a plaintiff must "demonstrate that she sought leave for a qualifying reason and that she provided notice meeting certain criteria." *Ramji v. Hosp. Housekeeping Sys.*, 992 F.3d 1233, 1241 (11th Cir. 2021) (citing *White v. Beltram Edge Tool Supply, Inc.*, 789 F.3d 1188, 1194-96 (11th Cir. 2015)).

### a. Entitlement to Leave

Under 29 U.S.C.A. § 2612, an otherwise eligible employee is entitled to leave "[b]ecause of the birth of a son or daughter of the employee and in order to care for such son or daughter[.]" Under 29 U.S.C.A. § 2611(12), "son or daughter" includes "a biological, adopted, or foster child, a stepchild, a legal ward, or a child of a person

- 3 -

standing *in loco parentis*[.]"  The Department of Labor interprets 29 U.S.C.A. § 2612 to include the birth of a child to whom the employee stands *in loco parentis*.  *See* Administrator's Interpretation No. 2010-3, *Corporate Counsel's Guide to Fam. and Med. Leave Act § 34:132*; *See also* U.S. Dep't of Lab., Wage & Hour Div., *Fact Sheet #28B: Using FMLA Leave When You are in the Role of a Parent to a Child* (March 2025), https://www.dol.gov/agencies/whd/fact-sheets/28B-fmla-in-loco-parentis.

At common law, *in loco parentis* "refers to a person who has put himself in the situation of a lawful parent by assuming the obligations incident to the parental relation without going through the formalities necessary to legal adoption."  *Martin v. Brevard Cnty. Pub. Schs.*, 543 F.3d 1261 (11th Cir. 2008) (quoting *Dillon v. Maryland-Nat'l Capital Park & Planning Comm'n,* 382 F.Supp.2d 777, 786 (D. Md. 2005)).  *Veronica Sch. Dist. v. Acton*, 515 U.S. 646, 654 (1995), recognizes that "[w]hen parents place minor children in private schools for their education, the teachers and administrators of those schools stand *in loco parentis* over the children entrusted to them."

On September 5, 2024, Holcombe entered an agreement with Child Welfare Services to serve as a temporary safety provider for her grandchildren. (Doc. 31-5 at 65–72).  Holcombe agreed to live in her grandchildren's home to provide "eyes-on and ears-on supervision" while Holcombe's son and daughter-in-law were present. (Doc. 31-5 at 67)  Holcombe agreed not to leave her grandchildren alone with Holcombe's son or daughter-in-law.  (Doc. 31-5 at 67)  According to Holcombe, Child Welfare Services prohibited Holcombe's son and daughter-in-law from visiting Holcombe's grandchildren during overnight hours (Doc. 30 at 49), at which times

- 4 -

"Holcombe fed, changed, and cared for the baby alone." (Doc. 30 at 50)  According to CNH, "At no point whatsoever were the parents of [Holcombe's] grandchildren prohibited from seeing or caring for their children."  Therefore, a genuine dispute of material fact — whether Holcombe assumed sole responsibility of her grandchildren during overnight hours — remains unresolved.  CNH is not entitled to summary judgment on whether Holcombe sought leave for a qualifying reason.

### b.  Notice timing

Under 29 C.F.R. § 825.302(a), an employee must provide an employer notice of a need for FMLA leave.  Under 29 C.F.R. § 825.302(a), if the need for leave is foreseeable, the employee must provide at least thirty days advance notice.  Under 29 C.F.R. § 825.302(b), an unforeseeable need for leave requires notice "as soon as practicable."  CNH argues that Holcombe "was aware of her granddaughter's expected birth well before it occurred." (Doc. 35 at 5)  Although the birth of Holcombe's granddaughter was foreseeable, Holcombe's daughter-in-law and newborn granddaughter testing positive for cocaine was not, and neither was the resulting need for Holcombe to travel to North Carolina.

Holcombe contends that she provided to CNH immediate notice of the need for FMLA leave.  Holcombe states in her deposition that on September 4, 2024, while at a work event and during a phone call with a representative of Child Welfare Services, Holcombe informed her direct supervisor, Holly Way, of an immediate need to travel to North Carolina to prevent Child Welfare Services from taking custody of Holcombe's grandchildren. (Doc. 26-1 at 59–60).  Way testified at her

deposition (1) that at a work event Holcombe received a call from her son who stated that "they wanted to remove his kids," (2) that Holcombe needed to go back to North Carolina to "see what's going on," and (3) that Way and Holcombe "talked a little bit about . . . if she could find out if she could be their caregiver." (Doc. 31-1 at 38)  Way's deposition testimony shows that Holcombe provided to CNH immediate notice of a need for leave for an apparently FMLA-qualifying reason.  CNH is not entitled to summary judgment based on Holcombe's alleged failure to provide timely notice of a need for FMLA leave.

### c.  Notice sufficiency

Under 29 C.F.R. § 825.302(c), an employer may require an employee "to comply with the employer's usual and customary notice and procedural requirement for requesting leave, absent unusual circumstances."  An "unusual circumstance" occurs if "the employer was at least partially to blame for the employee's failure to comply."  *Moore v. GPS Hosp. Partners IV, LLC*, 383 F. Supp. 3d 1293, 1309 (S.D. Ala. 2019) (quoting *Francisco v. Southwestern Bell Telephone Co.*, 2016 WL 4376610 at *2 (S.D. Tex. 2016).  CNH argues that Holcombe failed to satisfy CNH's usual and customary notice requirement.

On Friday, September 13, 2024, Holcombe received from Child Welfare Services a signed initial provider assessment that listed Holcombe as a temporary safety provider.  (Doc. 31-2 at 3)  In an e-mail attaching the initial provider assessment Holcombe asks Karen Battle, CNH's director of human resources, "Will this qualify for FMLA?"  (Doc. 31-2 at 2)  Battle responds, "I'm sorry but no the documentation is

not a replacement for FMLA paperwork.  Attached you will find the FMLA paperwork.  Please complete and return to us as soon as possible." (Doc. 31-2 at 2)  Holcombe replies, "I understand having to fill out the paperwork. I was asking if this qualifies." (Doc. 31-2 at 1)  A few hours later and in an internal e-mail to CNH employees, Battle explains that she "spoke with Tammy regarding the FMLA she requested.  I informed her that she is not protected by FMLA until she is made the guardian by the court system.  She did not tell me what she was going to do, resign or come back to work." (Doc. 31-3)   The following Monday, September 16, 2024, CNH informed Holcombe that CNH would "proceed with separation of employment." (Doc. 31-4)

CNH's FMLA policy states:

> The employer is responsible for designating if an employee's use of paid leave (time off) counts as FMLA leave, based on information from the employee. . . . An FMLA leave can only be approved in writing after the manager and/or Human Resources has received the employee's completed application, physician's certificate, and the other applicable forms from the FMLA packet of information.

(Doc. 31-8 at 3)  But within two hours after delivering to Holcombe an FMLA application to complete, Battle informed Holcombe by phone that "[Holcombe] is not protected by FMLA until she is made the guardian by the court system."  CNH's pre-emptive denial of Holcombe's request for FMLA leave constitutes an "unusual circumstance" because CNH is "at least partially to blame for" Holcombe's failure to complete the FMLA application.  *Moore*, 383 F. Supp. 3d at 1309.  Further, CNH failed to provide Holcombe even one business day to complete the FLSA-leave

application.  CNH instructed Holcombe to complete and return the FMLA paper-work on Friday, September 13, at 12:58 p.m., and CNH delivered to Holcombe a termination letter on Monday, September 16, at 2:42 p.m.  (Docs. 31-2 and 31-4)  CNH is not entitled to summary judgment based on Holcombe's alleged failure to provide sufficient notice of a need for FMLA leave.

## II. Retaliation

To state a claim for FMLA retaliation "an employee must allege that (1) [she] engaged in a statutorily protected activity; (2) [she] suffered an adverse employment decision; and (3) [that] the decision was causally related to the protected activity." *Walker v. Elmore Cnty. Bd. Of Educ.*, 379 F.3d 1249, 1252 (11th Cir. 2004).  If the plaintiff establishes *prime facie* claim for retaliation, "the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for the challenged action." *Gillman v. Okaloosa Cnty. Fla.*, 58 F. Supp. 3d 1305 (N.D. Fla. 2014) (citing *EEOC v. Joe's Stone Crabs, Inc.,* 296 F.3d 1265, 1272 (11th Cir. 2002)).  If the defendant articulates a legitimate, nondiscriminatory reason for the challenged action, the plaintiff must "introduce significantly probative evidence showing that the asserted reason is merely a pretext for discrimination." *Brooks v. Cnty. Comm'n of Jefferson Cnty.,* 446 F.3d 1160, 1163 (11th Cir.2006).

CNH argues that Holcombe's job required work in person.  Because CNH articulates a legitimate, nondiscriminatory reason for severing the employment relationship, the burden shifts to Holcombe to show that the in-person work requirement is mere pretext.  Holcombe fails to argue or introduce any evidence to show that the

in-person work requirement is pretext.  CNH is entitled to summary judgment on Holcombe's claim for retaliation.

The motion (Doc. 26) for summary judgment is **GRANTED-IN-PART** and **DENIED-IN-PART**.  To the extent that CNH moves for summary judgment on Holcombe's claim for retaliation, the motion is **GRANTED**.  To the extent that CNH moves for summary judgment on Holcombe's claim for interference, the motion is **DENIED**.

ORDERED in Tampa, Florida, on June 3, 2026.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE